**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUDY DERVAS,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:11-1927** |
| : | |
| **v.** : | **(JUDGE MANNION)** |
| : | |
| **TAYLOR HEALTH AND** | |
| **REHABILITATION CENTER LLC** : | |
| *d/b/a Riverside Rehabilitation &* | |
| *Nursing Center f/k/a Taylor* : | |
| *Nursing and Rehab Center,* | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Presently before the court is the defendant's motion for summary judgment, (Doc. No. 15). Finding that genuine issues of material fact remain with respect to the plaintiff's claims under both Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq*., and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955, *et seq.*, the motion will be **DENIED IN PART**. The motion will be **GRANTED**, however, to the extent that the court finds that punitive damages are not an available remedy.

## I.    BACKGROUND

The plaintiff instituted the instant action by filing a complaint on October 18, 2011. (Doc. No. 1). The plaintiff alleges that she was terminated by the

defendant because of her age, in violation of the ADEA and the PHRA.

The plaintiff was employed at the defendant's facility as a Licensed Practical Nurse ("LPN") from February 14, 1983 to January 18, 2010. (Doc. No. 22 ¶¶ 4-5). The plaintiff, who was born on June 30, 1950 and was sixty years of age when she was terminated, alleges that the she was targeted for discipline and eventually terminated because of her age. (Id. at ¶ 1). The defendant argues that the plaintiff's termination was based on four disciplinary infractions over a four month period while the defendant's facility was under heightened administrative scrutiny.

On December 31, 2012, the defendant filed the instant motion for summary judgment, (Doc. No. 15), and a brief in support, (Doc. No. 16). The defendant argues that: (1) the plaintiff has failed to make out a *prima facie* discrimination claim because she was not replaced by a sufficiently younger individual; (2) the defendant had a legitimate, non-discriminatory reason to terminate the plaintiff; (3) the plaintiff has not presented evidence that the defendant's proffered reasons are pretextual; (4) the plaintiff has not demonstrated a pattern or practice of discrimination; (5) punitve damages are not available under the ADEA or PHRA and; (6) the PHRA claim fails for the same reasons as the ADEA claim.

On January 25, 2013, the plaintiff filed a brief in opposition, (Doc. No. 23), a statement of material facts, (Doc. No. 22), and a response to the

defendant's factual assertions, (Doc. No. 21). In addition to refuting the defendant's assertions that the plaintiff was terminated for non-discriminatory reasons, the plaintiff also argues that the motion should be dismissed due to the defendant's procedural non-compliance in failing to file a separate statement of material facts and a certificate of non-concurrence. On February 8, 2013, the defendant filed a brief in reply, (Doc. No. 24).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*,

477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *See Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir.2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other

4

facts immaterial." *Celotex, 477 U.S. at 322-23*; *see also Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)*.

## III.    DISCUSSION

ADEA claims, and analogous PHRA claims, are evaluated under the burden shifting framework outlined in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)*. *See Fasold v. Justice, 409 F.3d 178, 184 (3d Cir. 2005)*. Under *McDonnell Douglas*, the plaintiff bears the burden of proof as well as the initial burden of production and must first demonstrate a *prima facie* case of discrimination. *Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009)*. To demonstrate a *prima facie* case, the plaintiff must show: "first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Id.* (citing *Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir.2004)*.

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the termination. *Id.* at 690 (citing *Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir.1997)*. If the employer identifies a non-discriminatory

reason for the adverse employment action, the burden of production returns to the plaintiff to demonstrate that the reason offered by the employers is merely pretextual. *Id.* (citing *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 n. 4 (3d Cir.1995)).

**A. Procedural Failures**

As an initial matter, the plaintiff argues that procedural failures in the defendant's filings warrant denial of the motion. The defendant failed to comply with Middle District of Pennsylvania Local Rule 56.1 which requires that a party moving for summary judgment file a "separate, short and concise statement of material facts." L.R. 56.1. The defendant's brief in support does, however, include a separate three page section entitled "Concise Statement of the Facts" which outlines the material facts of the case with citations to the record. (Doc. No. 16 at 8-11). In addition, the plaintiff notes that the defendant failed to include a certificate of non-concurrence as required by Local Rule 7.1. The court acknowledges the defendant's technical non-compliance and reminds counsel that Local Rules should not be overlooked in the future. Nevertheless, the court does not find that denial of the motion is an appropriate remedy as judicial economy would not be served by requiring the parties to resubmit the briefs presently before the court. In addition, the statement of facts presented in the defendant's brief sufficiently raised the factual questions at issue and did not prejudice the plaintiff's defense of the

motion so as to warrant sanctions under Local Rule 83.3.1.

### B. *Prima Facie* Case

The defendant argues that the plaintiff has failed to meet her initial burden of satisfying the elements of a *prima facie* ADEA claim. The parties do not dispute that the plaintiff has satisfied the first three elements of the *prima facie* case; that the plaintiff is over forty years of age, that an adverse employment action occurred and that the plaintiff was qualified for the position. Rather, the parties dispute the final element, whether the plaintiff was replaced by someone sufficiently younger. There is an initial question of fact as to who should be considered the plaintiff's ultimate replacement. *See Williamson v. Penn Millers Ins. Co.*, 2005 WL 3440633, *5 (M.D. Pa. Dec. 14, 2005)*("plaintiff must prove by a preponderance of the evidence that ... [s]he ultimately was replaced by a person outside the protected class"). Once the ultimate replacement has been identified, the Third Circuit has indicated that there is no bright line rule for what defines an replacement as "sufficiently younger." *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995), cert den. 515 U.S. 1159, 115 S.Ct. 2611 (1995). The defendant argues that "it is generally accepted in this Circuit that a difference of fewer than five year [sic] will not meet the requirement." (Doc. No. 16 at 17). Therefore, the factual dispute between the parties centers on two issues, (1) who should be considered the plaintiff's replacement and (2) how old that replacement is.

The defendant argues that plaintiff was replaced on a temporary basis by six LPNs of varying ages, including several where close in age to the plaintiff, and permanently replaced by an LPN, Ann Marie Ahmed, who was four years younger than the plaintiff. (Doc. No. 16 at 16-17). The plaintiff argues that many of the LPNs cited by defendant as temporary replacements were in fact already employees who merely absorbed some of the plaintiff's duties. (Doc. No. 23 at 30-32). The plaintiff further agues that, according to time sheets included in the record, the individuals who assumed most of the plaintiff's typical shifts were significantly younger. (Id.). In addition, the plaintiff argues that Ms. Ahmed has never been characterized as the plaintiff's permanent replacement by the defendant until the instant motion and brief. (Id. at 33-34). Moreover, despite the defendant's statement that Ms. Ahmed is four years younger than the plaintiff, (Doc. No. 16 at 17), Ms. Ahmed's employment application, (Doc. No. 22 Att. 24 at 19), indicates that her birth date is June, 28, 1956, making her roughly six years younger than the plaintiff. Therefore, the defendant's reference of a "generally accepted" standard that an age difference of less five years indicates no discrimination has occurred is inapplicable and unavailing. In light of the genuine questions as to who should be considered the replacement and whether said replacement is sufficiently younger than the plaintiff so as to support an inference of discriminatory animus, the court will not grant the motion on

these grounds.

### C. Legitimate Reason to Terminate

Having determined that the court cannot find, as a matter of law, that the plaintiff has failed to establish a *prima facie* case, the court's analysis continues to the next stage of the *McDonnell Douglas* evaluation. *See Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009). The court similarly finds that questions of fact remain as to whether the defendant has demonstrated a legitimate non-discriminatory reason for the termination. The defendant's burden is "relatively light," and a defendant can establish a legitimate reason, "by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

The defendant claims that the plaintiff was terminated due to the poor quality of her work as evidenced by several disciplinary incidents in the months leading up to her termination. In support of this non-discriminatory reason for terminating the plaintiff, the defendant identifies: a verbal warning for poor job performance on September 16, 2009; a written warning for failing to record resident weights on September 30, 2009; a three day suspension on December 11, 2009 which was the result of discipline for failing to measure

a patient's wound and for failing to document on a patient's flow sheet,[1] and; the failure complete admission documentation on January 11, 2010. (Doc. No. 16 at 17-18; Doc. No. 22 ¶¶ 49-59). In addition, the defendant asserts that the plaintiff had nineteen other infractions in the seventeen (17) years between February 10, 1992 and July 2, 2009. (Doc. No. 16 at 9).

The plaintiff argues that the defendant's proffered reasons are insufficient because it did not adhere to its own "corrective discipline policy" and, therefore, she was not legitimately terminated pursuant to established policy. (Doc. No. 23 at 37-39). In addition, the plaintiff argues that the occurrence of four disciplinary infractions in the course of four months resulting in termination after twenty six years of employment lacks credulity.

Although the defendant's burden is "relatively light," the court finds that questions of material fact remain as whether termination was justified based on the plaintiff's conduct during a four month period after twenty six years of employment. At this stage in the proceeding, the court cannot determine as a matter of law that the defendant has carried its burden.

### D. Evidence of Pretext

Should the defendant carry its burden of articulating a legitimate non-discriminatory reason for the termination, "the aggrieved employee must

---

[1] The parties do not dispute that the suspension was originally based on three infractions; however, one of the infractions was later grieved and overturned. (Doc. No. 16 at 18).

then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual." *Fasold v. Justice,* 409 F.3d 178, 184 (3d Cir. 2005) (citing *Sarullo v. United States Postal Serv.,* 352 F.3d 789, 797 (3d Cir.2003)). At this stage, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes,* 32 F.3d at 764. To successfully illustrate grounds which the employer's articulated reasons should be disbelieved a plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence'" *Id.* (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 531 (3d Cir. 1992)). Alternatively, to demonstrate that an employer was motivated by a discriminatory reason despite its articulated reasons, the plaintiff could show, for example, "that the employer has previously discriminated against her, that the employer has discriminated against other persons within the plaintiff's protected class or within another protected class, or that the employer has treated more favorably similarly situated persons not within the protected class." *Simpson v. Kay Jewelers,*

11

*Div. of Sterling, Inc.*, 142 F.3d 639, 645 (3d Cir. 1998) (citing *Fuentes*, 32 F.3d at 765). The court finds that questions of fact remain as to whether the plaintiff has demonstrated that the defendant's alleged reasons are pretextual under either prong.

### I. Unworthy of Credence

The defendant argues the plaintiff has failed to present sufficient evidence to support a finding that the defendant's proffered reasons are unworthy of credence. The plaintiff asserts that statements made by the defendant's employees clearly indicate that her age was at issue when she was terminated and therefore the proffered disciplinary rationale is, in fact, mere pretext. Specifically, the plaintiff asserts that the defendant's Director of Nursing, Joan Hanlon, made comments regarding the plaintiff's age and her inability to complete her responsibilities at the same pace as younger employees. (Doc. No. 22 ¶¶ 27-34). In addition, the plaintiff contests the basis for several of the disciplinary violations on which the defendant argues termination was justified. In particular, the plaintiff contends that she was warned for failing to complete a patient treatment after supervisors gave her contradictory instructions regarding the tasks she needed to complete, (Doc. No. 22 ¶¶ 38-45), for failing to measure the wound of a "difficult" patient, (Id. ¶¶ 49-56), and for failing to document a flow chart that she says was in the possession of the pharmacy during her shift, (Id. at ¶¶ 57-59). The plaintiff

also disputes her responsibility for the failure to complete the patient admission paperwork which was the subject of her final disciplinary infraction. (Id. ¶¶ 60-87).

The defendant argues that Mrs. Hanlon's comments referenced newly hired employees, not younger employees, and that the comments were not directed at the plaintiff. (Doc. No. 16 at 19). In addition, the defendant argues that stray remarks made by a non-decision maker are minimally probative and should not prevent the granting of summary judgment. (Id. at 20).

The court finds that genuine questions of material fact remain as to whether the defendant's proffered disciplinary rationale for terminating the plaintiff was pretextual. The court agrees with the defendant that stray remarks by non-decision makers are not to be afforded substantial weight. See *Ezold*, 983 F.2d at 545; *see also Vance v. Ball State Univ.*, ___ U.S. ___, 133 S.Ct. 2434, ___ (2013) (discussing scope of supervisor liability under Title VII of the Civil Rights Act of 1964). However, the current record is unclear as to what role Mrs. Hanlon played in the plaintiff's termination. It does not appear to be disputed that Mrs. Hanlon issued at least some of the disciplines that led up to the plaintiff's termination and the plaintiff asserts that Mrs. Hanlon "was the ultimate decision maker." (Doc. No. 23 at 44). Moreover, any weight given to Mrs. Hanlon's comments should be evaluated alongside plaintiff's other allegations that her prior disciplines were unfounded. Whether

the sum of this evidence is sufficient for the plaintiff to carry her ultimate burden is a question for the jury.

### ii. Motivating Factor

The defendant argues that the plaintiff has failed to put forth sufficient evidence of any pattern or practice of discrimination to carry her burden of demonstrating that age was a motivating factor in her termination. Although the defendant points to some weaknesses in the plaintiff's evidence, the court cannot, based on the evidence presented, determine as a matter of law that no pattern or practice of discrimination existed.

The defendant points to testimony of two of the plaintiff's fellow employees, Ms. Joyce and Ms. Marsalles, who did not recall any instances of discrimination in their presence as well as the plaintiff's own testimony in which she could not recall names of individuals who were treated more or less favorably than herself. (Doc. No. 16 at 21-22). In addition, the defendant then argues that "review of the employee records beginning January 1, 2008 (the date of the new ownership) through September 30, 2012, shows that workers both over the age of 40 and under the age of 40 were disciplined and/or terminated for offenses similar to that of [p]laintiff." (Id. at 21). In support of this conclusory statement the defendant cites to a list of relevant employees during the period and 750-page exhibit consisting of all disciplinary records. However, "Judges are not like pigs, hunting for truffles buried in the record."

*Doebler Pennsylvania Hybrids, Inc. v. Doebbler*, 442 F.3d 812 (3d Cir.2006).

As such, the defendant must do more than provide a list of disciplinary

infractions from which the court is to glean a pattern of disciplinary conduct

of such clarity that no reasonable jury could discern any other factual trend.

The court simply cannot determine as a matter of law that no pattern or

practice of discrimination occurred at the defendant's facility based on the

defendant's extraordinarily broad evidentiary citation. Moreover, the

appropriate weight to be afforded to the testimonial evidence is an issue for

the jury.

### E. Punitive Damages

The defendant argues that punitive damages are not available under the

ADEA or the PHRA. (Doc. No. 16 at 23). In response, the plaintiff asserts that

she did not specifically seek punitive damages, but acknowledges they are

not available under either statute and does not oppose the defendant's motion

with respect to punitive damages. (Doc. No. 23 at 49-50). As such, the court

will grant the defendant's motion for summary judgment with respect to

punitive damages.

### F. PHRA

The parties do not dispute that the ADEA and the PHRA are evaluated

under analogous standards. (Doc. No. 23 at 50-51; Doc. No. 16 at 23-24).

The court agrees. *See Lit v. Infinity Broad. Corp. of Pa.*, 423 F. Supp. 2d 485,

493 (E.D. Pa. 2005)(citing *Connors v. Chrysler Corp. of Pa.,* 160 F.3d 971, 972 (3d Cir. 1998)). Therefore, for the reasons stated above, the court will deny the defendant's motion for summary judgment with respect to the plaintiff's PHRA claims.

## IV.    CONCLUSION

Finding that the plaintiff's procedural challenges do not warrant denial of the motion, the court has evaluated the defendant's motion for summary judgment in its entirety. The court finds that genuine questions of material fact remain with respect to each part of the burden shifting analysis for ADEA claims outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court finds, however, that punitive damages are not available for either the plaintiff's ADEA or PHRA claims. Therefore, the court grant the motion with respect to punitive damages and deny the motion in all other respects. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 31, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-1927-01.wpd